```
                                                        FILED
                                              UNITED STATES DISTRICT COURT
                                                    DENVER, COLORADO

                                                      MAR 07 2011
```

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO           GREGORY C. LANGHAM
                                                         CLERK

Case No. 11-mc-00015-LTB

DONNA GLYN WILLIAMS SNELLER,

    Plaintiff,

v.

COLORADO STATE PATROL OFFICER BILLINGER (1),
DEPUTY DISTRICT ATTORNEY SHAD BROWN (2),
CLERK OF COURTS JANET THIELMIER (3),
JUDGE ERNEST J. RUYBALID (4),
DA MATTHEW SCHNEIDER (5),
DA JENNIFER ZAMARRIPA (6), and
ALL OTHER PUBLIC MINISTERS (7-?),

    Defendants.

---

## ORDER OF DISMISSAL

---

    Plaintiff, Donna Glyn Williams Sneller, has filed *pro se* a document titled "A True Bill Peremptory Writ of Mandamus Declaratory Judgment 28 USC 2201." Ms. Sneller states that she is giving notice of the

> removal of case # 2010T004045 from the Pueblo County
> Court into the United States District Court for Colorado under
> a Miscellaneous Case, and not as a civil action for the
> purpose of the criminal prosecution of the above captioned
> delinquents 1-? for crimes committed as officers of the State
> court and/or officers of the federal courts as the Case may
> be against Donna Glyn Williams Sneller truthfully a live
> breathing Woman created by Nature and natures [sic] God,
> an Individual, and one of the People of the United States and
> further for Declaratory Judgment.

(Doc. #1 at p.2.) Despite the reference to the removal of a state court case, it does not appear that the referenced state court action is removable, and Ms. Sneller has not

complied with the removal procedures set forth in 28 U.S.C. § 1446. Therefore, the Court will not treat this action as an action removed from state court. Instead, the Court perceives Ms. Sneller as attempting to initiate a criminal action against the named Defendants. For the reasons stated below, the Court will dismiss the action.

Courts universally endorse the principle that private citizens cannot prosecute criminal actions. *See, e.g., Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir.1989) (per curiam); **Connecticut Action Now, Inc. v. Roberts Plating Co.**, 457 F.2d 81, 86-87 (2d Cir.1972) ("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not as has sometimes been done in Anglo-American jurisdictions by private complaints."); **Winslow v. Romer**, 759 F. Supp. 670, 673 (D. Colo.1991) ("Private citizens generally have no standing to institute federal criminal proceedings."). Therefore, the Court finds that Ms. Sneller lacks standing to invoke the authority of United States attorneys under 28 U.S.C. § 547 to prosecute for offenses against the United States. To the extent Ms. Sneller may be seeking a declaratory judgment, she must file a regular civil action. Accordingly, it is

ORDERED that the action is dismissed because Plaintiff lacks standing to file and prosecute a criminal action.

DATED at Denver, Colorado, this  7th  day of      March       , 2011.

BY THE COURT:

    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-mc-00015-LTB

Donna Glyn Williams Sneller
P.O. Box 454
Walsenburg, CO 81089

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on March 7, 2011.

                              GREGORY C. LANGHAM, CLERK

                              By: _____
                                     Deputy Clerk